```
        IN THE UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF MARYLAND
```

|   |   |   |
|---|---|---|
| ANDRE CARLYLE WILSON, JR. | : | |
| | : | |
| v. | : | Civil Action No. DKC 19-2363 |
| | : | |
| UBER TECHNOLOGIES INC. | : | |
| | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this wrongful termination employment action is a motion to dismiss filed by Defendant Uber Technologies Inc. ("Uber") (ECF No. 12). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant's motion will be granted.

**I. BACKGROUND**

Plaintiff's complaint asserts that he was an employee working for Uber Technologies Inc.. He received an email from Uber on May 8, 2019, alleging that he was under the influence of drugs. Although he denied the allegation in a responsive email, Plaintiff was terminated. Plaintiff complains that Uber did not share the results of its investigation with him nor did it reconsider his termination after he provided a negative drug test taken by his doctor. He brings a claim for wrongful termination under state law, pursuant to this court's diversity jurisdiction.

Defendant filed a motion to dismiss or, in the alternative, to compel arbitration on October 15, 2019. (ECF No. 12). The certificate of service appended to the motion recites that a copy was mailed to Plaintiff. The Clerk mailed Plaintiff a notice advising him of his right to file a response to the motion on October 16, 2019. (ECF No. 14). To date, Plaintiff has not responded to Defendant's motion.

Uber states that Plaintiff was an independent contractor, not an employee, and argues that the case should be dismissed for Plaintiff's failure to serve it properly and because Plaintiff's contract contains a clause agreeing to arbitrate any disputes arising from the parties' relationship.

**II. ANALYSIS**

    **A. SERVICE OF PROCESS**

Uber asserts that it was not served properly because service was not effected through its resident agent in the state of Maryland. Plaintiff asked the Marshal to serve Uber at its headquarters in San Francisco, California even though Plaintiff was provided information to ascertain the name and address of Uber's resident agent for the state of Maryland.

When a defendant moves to dismiss for improper service pursuant to Rule 12(b)(5), "the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *O'Meara*

2

*v. Waters*, 464 F.Supp.2d 474, 476 (D.Md. 2006). "Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court." *Id*. (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963); *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). The "plain requirements for the means of effecting service of process," however, "may not be ignored." *Armco*, 733 F.2d at 1089. When technically insufficient service results in actual notice, the court may quash service rather than dismiss. *Grant v. Prince George's County Dept*., 2016 W.L. 3541239 *4 (D.Md. June 29, 2016)(citing *Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983)). Here, because the case will be dismissed due to the arbitration provision, it is not necessary at this time to determine whether service was sufficient and, if not, whether to quash or dismiss.

    **B.    ARBIRATION**

A motion to dismiss based on an arbitration clause is reviewed under the standard applicable to Fed.R.Civ.P. 12(b)(3) for improper venue. *Whiting-Turner Contracting Co. v. Liberty Mut. Ins. Co.*, 912 F.Supp.2d 321, 330-31 (D.Md. 2012)("[T]he Fourth Circuit has observed that an arbitration clause is '"a specialized kind of forum-selection clause,"' and has said that '"a motion to

dismiss based on a forum-selection clause should be properly treated under Rule 12(b)(3) as a motion to dismiss on the basis of improper venue."'" (citations omitted.)  Accordingly, the court may consider matters outside the pleadings.  If the facts, even taken in the light most favorable to Plaintiff, compel submitting the entire complaint to arbitration, the case will be dismissed.

"Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."  *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 648 (1986).  Ordinary state law principles of contract interpretation apply, *Noohi v. Toll Bros., Inc.*, 708 F.3d 599, 607 (4th Cir. 2013), and the burden is on the party seeking arbitration to prove an agreement to arbitrate.  *In re Mercury Constr. Co.*, 656 F.2d 933, 939 (4th Cir. 1981).

The evidence submitted by Defendant establishes that Uber offers a smartphone application that connects riders looking for transport with independent transportation providers such as Plaintiff.  Uber developed and licenses multiple software products including UberX, UberBLACK, and UberSUV.  Rasier and its affiliated companies is a wholly owned subsidiary of Uber which provides services to independent transportation providers through the UberX platform.  Independent transportation providers who access the UberX platform to book passengers must first enter into an

4

agreement with the applicable Rasier entity.  Plaintiff activated his account with Rasier which provided him the opportunity to use the UberX platform to engage passengers on July 2, 2015.  In order to activate his account, Plaintiff electronically accepted the November 2014 Software License and Online Services Agreement which included a provision to arbitrate all disputes.  The Agreement provided Plaintiff 30 days to opt-out of the arbitration provision which Plaintiff did not choose to do.

In December 2015, Uber issued a revised agreement – the December 2015 Technology Services Agreement ("TSA").  Plaintiff accessed the TSA through the Uber App and agreed to its terms on December 12, 2015.  As in the November 2014 Software License and Online Services Agreement, the TSA also included an arbitration provision that provided Plaintiff 30 days in which to opt-out.

> IMPORTANT: PLEASE NOTE THAT TO USE THE UBER SERVICES, YOU MUST AGREE TO THE TERMS AND CONDITIONS SET FORTH BELOW. PLEASE REVIEW THE ARBITRATION PROVISION SET FORTH BELOW CAREFULLY, AS IT WILL REQUIRE YOU TO RESOLVE DISPUTES WITH THE COMPANY ON AN INDIVIDUAL BASIS, EXCEPT AS PROVIDED IN SECTION 15.3, THROUGH FINAL AND BINDING ARBITRATION UNLESS YOU CHOOSE TO OPT OUT OF THE ARBITRATION PROVISION.  BY VIRTUE OF YOUR ELECTRONIC EXECUTION OF THIS AGREEMENT, YOU WILL BE ACKNOWLEDGING THAT YOU HAVE READ AND UNDERSTOOD ALL OF THE TERMS OF THIS AGREEMENT (INCLUDING THE ARBITRATION PROVISION) AND HAVE TAKEN TIME TO CONSIDER THE CONSEQUENCES OF THIS IMPORTANT BUSINESS DECISION.  IF YOU DO NOT WISH TO BE SUBJECT TO ARBITRATION, YOU MAY OPT OUT OF THE ARBITRATION PROVISION BY

    FOLLOWING THE INSTRUCTIONS PROVIDED IN THE
    ARBITRATION PROVISION BELOW.

(ECF No. 12-2, p. 35). Once again, Plaintiff did not opt out of the Arbitration Provision of the TSA within 30 days.

 As noted in *Lyles v. Chegg*, 2020 WL 1985043 at *3 (D.Md April 27, 2020), "[c]ourts applying Maryland law have upheld clickwrap agreements — that is, 'agreements that require a customer to affirmatively check a box on the website acknowledging receipt of an assent to the contract terms before he or she is allowed to proceed using the website.' *CoStar Realty Info., Inc. v. Field*, 612 F.Supp.2d 660, 669 (D.Md. 2009)." Courts elsewhere have upheld the clink-wrap agreement used by Defendant. *Kai Peng v. Uber Technologies, Inc.*, 237 F.Supp.3d 36 (E.D.N.Y. 2017); *Hood v. Uber Technologies, Inc.*, 2017 WL 11017585 (M.D.N.C. May 17, 2017).

 Plaintiff has not responded to Defendant's motion and, thus, does not dispute the existence of his agreement to arbitrate, nor the applicability of the arbitration clause to this dispute. Accordingly, on August 16, 2019, when Plaintiff filed this action, the dispute was subject to the Arbitration Provision. The Arbitration Provision requires Plaintiff to pursue his claims in an arbitration proceeding. 9 U.S.C. §§ 3, 4; *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-710 (4th Cir. 2001) (noting that dismissal is a proper remedy when all issues are arbitrable).

**III. CONCLUSION**

For the foregoing reasons, the motion to dismiss filed by Defendant will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge